Good morning, your honors. May it please the court. My name is Anna Williams and I'm arguing on behalf of Mr. Sunny Singh. Mr. Singh was born in India and arrived in the United States at age 14. He was sentenced recently to 19 months in prison for being an illegal alien in possession of firearms. He moved to dismiss the indictment, arguing that his status under the Deferred Action for Childhood Arrivals Program allowed him to lawfully remain in the United States, and therefore he was not unlawfully present. He also pointed out he had authorization of employment, which was renewed while renewal of his DACA status was pending. The district court subsequently denied his motion to dismiss, and so he raises two awaiting its renewal. He was neither illegally nor unlawfully present in the United States and was in the alternative. He asserts that 18 United States Code section 922 G5A is unconstitutionally void for vagueness, as the ordinary person would not understand that a DACA recipient who is considered lawfully present for at least some purposes is unlawfully present for the statute. Which of those two would be waived by him pleading guilty, if either of them? I would argue that they're not waived. Mr. Singh did, after his guilty plea, he renewed his motion to reconsider the dismissal of the indictment. The government did not respond to argue that this argument was waived by his guilty plea. The district court actually considered his arguments on the merits. The other point I would make is that constitutional issues are not waived by a guilty plea, and while he is focused on how it's applied to him, there is a facial challenge to look at to consider whether, you know, just the statute within itself is vague as to its definition of illegally or unlawfully. And on the latter point, are you relying on the class case from the Supreme Court last year? I am. Okay. The counsel doesn't class suggest that these constitutional issues survive a guilty plea unless they contradict either the face of the indictment or the plea. And I'm wrestling with your client admitted a lot in the plea agreement and admitted to the facts that he was in the country legally, that he shouldn't owns firearms. I'm wondering, I mean, it seems to me that class says, well, that doesn't apply. We don't, class doesn't apply in that case where a defendant has admitted kind of undermine the constitutional claim or the claim more general. Yes, you make a good point, Your Honor. But I would argue that class does point out if the government's not even allowed to bring the indictment, that his argument wouldn't be waived. That goes to the power of the court, essentially, doesn't it? Is that the argument here that, I mean, how does the government not have the power to bring the indictment here? Can you articulate that for me? Yes, I would point out that if the statute is unconstitutionally vague and that that doesn't survive, you know, his ability to be unlawfully present in the United States, I would argue that he could still make this argument on appeal as a facial challenge to the statute. But the first one, just to follow up on that, I think I might agree with you on the second one, the vagueness, because there was a vagueness challenge actually in class that they allowed to go forward. It was not the primary argument, it was a subsidiary argument. Where I'm having trouble is on the first one, because your client admitted, as Judge Kobus points out, that he was illegally in the United States, he was not allowing you to argue this would directly contradict the admissions that your client made, and it would not affect the power of the court to bring, or the power of the court to hear the prosecution or the prosecution to bring the claim. And I agree that's the weaker of the two arguments that he brings up, and so I would like to focus on the vagueness of the statute with my remaining time, if I may. And of course, it's a decision it has to make on this case. But in the event that it feels that it can hear the case, then I'd like to present the second argument. So the second half of his argument is the void for vagueness part, and he argues under the rule of lenity because the statute did not provide fair notice as to whose possession of firearms would be criminal in nature, as it does not define illegally or unlawfully in the United States, and there is some dispute in different courts on to whether this goes to presence or status. He argues that for some statutes, he's actually lawfully present to do certain things, like for example, for under United States Code 1182A9, he's lawfully present for purposes of future admissibility. Under 8 U.S.C. 1611B2-4 for accruing Social Security benefits, he's lawful for that. Under 8 U.S.C. 1324H3, he's authorized to work. And he argues he couldn't be expected to know that even though he's lawfully present for certain things, he's not able to possess firearms. In fact, you know, the facts underlying the case when he's, when law enforcement is brought to his attention, he sees a robber in the store, he's firing the gun, he calls police, you know, believing that what he's doing isn't in the right. If you get through the door, through the class door, we'll call it, to being able to have this claim be heard despite the guilty plea, one of the issues I'm struggling with is the fact that he didn't actually have DACA status renewal at the time he was, the offense occurred. And so I'm wondering whether your vagueness claim is actually before us. You say that somebody who actually has DACA status, it would be unconstitutionally vague as to them. But I don't see any vagueness with respect to somebody who's awaiting a DACA renewal and doesn't currently have DACA status. Yes, this presents, you know, definitely an issue in Mr. Singh's particular case. Our argument is that, you know, while that's pending, he does get renewal of his work status. So they didn't ever, like, deny or, you know, give extra permission on that issue. So that, of course, is another issue the court is going to have to decide on in Mr. Singh's case. But you will agree that's a weaker argument for vagueness if he doesn't actually presently, or he didn't have DACA status at the time. Unfortunately, I have to concede certain things in Mr. Singh's case. I mean, these issues are, you know, starting to come to the forefront of cases and they're important issues. I do want to point out very quickly, there was a recent district court case out of Oregon, I found that has some real persuasive analysis of this issue. It came out in April. And I apologize because I hadn't raised this before, but United States v. Venegas-Vasquez. It's 2019 Westlaw 1751522. I could do a 28-J letter. You might want to submit a 28-J letter. Thank you, Your Honor. In that case, the court found the DACA recipient is not unlawfully present. It analyzed the Immigration and Nationality Act, and it looked at how courts kind of interchange status, immigration status, and presence in the United States when they're looking at 922G5A. They focused on the statute language where it says illegally or unlawfully in the United States. You know, a lot of cases have focused on status, but that court focused on in and recognized that the word in more naturally relates to the physical presence. So that would go towards somebody with a DACA status that, you know, they've been allowed to be present. It's not unlawful for them to be present in the United States. And so therefore, they were finding that there was some grievous ambiguities regarding the phrase legally and unlawfully, whether it refers to presence or status. It found under the rule of lenity, the defendant could not be prosecuted. I'm going to reserve my little bit of time for about all your honors. Very well. Thank you. May it please the court. My name is Dennis Dean. I represent the United States government. I've been record counsel since the, during the pendency of this case. I would ask the court to confirm the conviction of Mr. Singh. 922G5A was a law passed by Congress more than a half a century ago, criminalizing aliens who are unlawfully in possession of firearms. DACA was a mandate, an executive branch decision to defer the deportation of certain individuals who fulfilled certain obligations. Those two are not in conflict with each other, but DACA does not trump 922G5A. Before we even get there, I think there's a great argument that appellate review of this case is barred. Now we're here, so you all obviously might feel differently, but an unconditional guilty plea was entered by Mr. Singh. This is factually unopposed by the appellant. Rule 11A2 requires preservation of the right to appeal an issue, and that just wasn't done here following his hearing and loss on a motion to dismiss. What do you do about class? You have two claims in class. One's the double jeopardy claim, I think, and then you have a void for vagueness. And they said the guilty plea didn't didn't bar the void for vagueness or the double jeopardy for that matter. And yes, Mr. Strauss, I understand that, but I don't believe class overrules the, and I'm going to mispronounce it, the broach or the broachy decision. In class, they say that the district court had no power to enter the conviction to a defendant, and he may appeal an as-applied challenge to a statute. But Singh is not challenging the government's power to criminalize his conduct, as I read their brief. They're saying that because of his status, which is extraneous to the indictment, 922 G5A doesn't apply to him. And so I think that distinguishes and takes us out of the class argument. I think you might be right as the first argument. I'm just not sure about the void for vagueness, because that just seems to me saying, as to this entire class of defendants, everybody liked me. And I realize he didn't have DACA status at the time, and I'm sure you're going to talk about that. But he's saying, look, you can't criminalize that. It's unconstitutionally vague as applied to me. That seems to be right within the heartland of what the court was doing in class. And two points on that, Judge Strauss. First of all, Singh is not a, he doesn't have active DACA status at the time of this crime. So I think that this is the wrong appellant to maybe bring this up. But more importantly, I don't believe the statute is void for vagueness. And I disagree with the Oregon decision. DACA recipients are specifically told in their paperwork, this does not confer status on you. It is, again, we're choosing not to deport you for certain reasons. But you are not given the rights that other people have. You're given social security. You're given, we're not going to let you stay in this country and starve to death. But we're also, we're not going to let you vote. And we're not going to let you possess firearms. And some of the case law says there's reason behind that, that we don't want to let certain people possess firearms. And in Singh's case, there's a reason. He's shooting people and dealing drugs. And again, wrong defendant to even bring up this issue. Again, this is, his unconditional guilty plea, I think, precludes the appellate review. This is a factual, not a jurisdictional issue. But if we do entertain the merits on this case, the indictment properly stated the offense. And it is a very high bar to reverse the district court, nearly impossible when the indictment, as it did in our case, tracks the statutory language. So I just, we included all of the elements of 922 G5A. And again, he is challenging it as it applies to his DACA status, not to the statute overall. Because of his actual knowledge, or because of the statements made in the DACA paperwork, I believe he has actual knowledge that he is unlawfully, he entered and remained in this country, and he knows that he is not allowed to possess firearms. He came into this country illegally, and he's been in this country illegally since that time. I think that's distinguishable from the Oregon opinion, the Vanegas-Vasquez, because he actually illegally entered the country, was a DACA recipient, an active DACA recipient, and applied to the government to visit his family in Mexico, and then was paroled back into the United States. Again, I don't think that Vanegas-Vasquez is a great decision, but I can see where that allowing somebody back into the United States can create something in somebody's mind that, okay, maybe I'm allowed to be here. None of that is present in the Singh case. From the time he came in at 14 to the time he was arrested, he was unlawfully in this country, and nothing changed there. DACA presupposes the fact that you're unlawfully in this country. Otherwise, what's the point of DACA? And I don't think that that was really mentioned in any of the arguments. But if somebody is here, there's no reason to even have DACA. Again, I don't think we get there because Singh didn't perfect his DACA paperwork. So for those reasons, I'm not sure we even get to the merits of this case, because I'm not sure that the appeal was preserved. I can see where that creates a 2255 issue that we'll have to deal with down the road. But if you all disagree with that, I do not think that this case gets remanded for the reasons I've said. Thank you. Thank you. Ms. Williams, we'll give you a minute in rebuttal, please. I just want to go to Mr. Dean's argument, and our argument having to do with the vagueness of the statute itself. He himself was getting confused, as the Oregon case is pointing out, on whether it's in his talking about presence or status. We recognize that DACA doesn't confer immigration status on an individual, but it did provide lawful presence to be in the country while things were pending. There was a Ninth Circuit case, Arizona Dream at Coalition v. Brewer in 2014, that noticed that the now defunct and archived FAQ section on the Citizenship and Immigration website pointed out to people, like Mr. Singh that would be looking at this, that you're considered lawfully present in the United States during that time. At minimum, they're kind of being communicated that they have lawful presence while DACA was in effect. We just ask the court to vacate his conviction. Thank you, Your Honor. Very well. Thank you, Ms. Williams, and thank you, Mr. Dean. The case has been well argued, and we will issue an opinion in due course. Ms. McKeith, is that complete?